# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| VANYA D. ROYAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:14-CV-59 |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Vanya D. Royal's complaint and petition to proceed *in forma pauperis*. For the reasons set forth below, the Court: (1) **DENIES** the Vanya D. Royal leave to proceed *in forma pauperis* (DE # 2); (2) **GRANTS** Vanya D. Royal to and including April 21, 2014, to pay the $400.00 filing fee; and (3) **CAUTIONS** Vanya D. Royal that if she does not respond by that date, this case will be dismissed without further notice for non-payment of the filing fee.

BACKGROUND

According to the Plaintiff's complaint, she sought both Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") from the Social Security Administration ("SSA"). The Plaintiff was ultimately awarded benefits in 2009, but claims that she did not receive all the back pay to which she was entitled. She indicates she appealed and requested a hearing but

her request was denied. She further alleges that she filed a complaint against the individual responsible for this denial, Mr. Reynolds, but she never heard anything in response to her complaint. Then, in February of 2012, she received a letter from the SSA responding and expressing regret for the delay. That envelope was postmarked February 25, 2012, but the letter in the envelope was dated April 26, 2011. It is not clear from the complaint whether this letter was responding to her complaint against Mr. Reynolds or to her claim for back pay, but the letter indicated she could appeal. She filed a timely appeal on March 8, 2012, but the SSA deemed that appeal untimely. As a result, the Plaintiff alleges her due process rights were violated. The Plaintiff further indicates that she contacted Senator Joe Donnelly's office regarding her case on June 11, 2013, and that she attempted to obtain legal aid through Indiana Legal Services to no avail.

The Plaintiff filed her complaint by using a preprinted form for complaints under Title 42 U.S.C. § 1983. In indicating what relief she is requesting, the Plaintiff writes: "[j]ustify a hearing for my back pay."

DISCUSSION

The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the

administrative costs (e.g. filing fee) of the action.  *See* 28 U.S.C. section 1915(a)(1); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992).  When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status.  *See* 28 U.S.C. section 1915(e)(2); *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988).  If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the in forma pauperis application.  *See Smith-Bey*, 841 F.2d at 757.

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law.  *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). Federal courts have jurisdiction to hear claims under § 1983 pursuant to 28 U.S.C. § 1331 which provides that "the district court shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  But, 42 U.S.C. § 405(h) provides that:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as

> herein provided. No action against the United
> States, the Commissioner of Social Security,
> or any officer or employee thereof shall be
> brought under [section 1331](#) or [1346 of Title 28](#)
> to recover on any claim arising under this
> subchapter.

42 U.S.C. § 405(h). In short, 42 U.S.C. § 405(h) prevents the Plaintiff from bringing suit under § 1331 if her claim arises under § 405. Here, although the Plaintiff has framed her suit as a § 1983 action, she seeks a hearing and, ultimately, benefits due to her under the Social Security Act. As a result, § 405 prevents the Plaintiff from bringing suit under § 1331, including the instant action under § 1983.

The Court has considered whether it has jurisdiction to hear the Plaintiff's complaint under 42 U.S.C. § 405(g), which allows judicial review of final agency decisions. But § 405(g) provides that:

> Any individual, after any final decision of
> the Commissioner of Social Security made after
> a hearing to which he was a party,
> irrespective of the amount in controversy, may
> obtain a review of such decision by a civil
> action commenced within sixty days after the
> mailing to him of notice of such decision or
> within such further time as the Commissioner
> of Social Security may allow.

42 U.S.C. § 405(g). The last agency action referenced in the Plaintiff's complaint is a denial of an appeal she filed on March 8, 2012. She does not provide a date that the agency denied that appeal, although it appears that denial occurred before she

contacted Senator Joe Donnelly's office about her case on June 11, 2013. At this juncture, it appears that more than 60 days has passed since the last agency action, and the Plaintiff has not indicated that the Commissioner has agreed to allow her to file an action for review after the sixty days has elapsed. Accordingly, while the Plaintiff meets the poverty criteria for IFP, it appears that the Plaintiff's suit is without merit. The request to proceed IFP must be denied.

CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** Vanya D. Royal leave to proceed *in forma pauperis* (DE # 2);

(2) **GRANTS** Vanya D. Royal to and including April 21, 2014, to pay the $400.00 filing fee; and

(3) **CAUTIONS** Vanya D. Royal that if she does not respond by that date, this case will be dismissed without further notice for non-payment of the filing fee.

**DATED: March 21, 2014** /S/RUDY LOZANO, Judge
United States District Court